


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN S. BUCK<br>2331 E. Market St.<br>Akron, OH 44312 | )<br>)<br>) | Case No. 5:99CV0094 |
| | ) | JUDGE DANIEL A. POLSTER |
| Plaintiff, | ) | |
| -vs- | )<br>) | |
| ANTHONY FRANK,<br>Chief of Police<br>City of Twinsburg<br>10075 Ravenna Rd.<br>Twinsburg, OH 44087 | )<br>)<br>)<br>) | FIRST AMENDED COMPLAINT<br><br>(Trial by Jury Requested) |
| and | ) | |
| CITY OF TWINSBURG<br>10075 Ravenna Rd.<br>Twinsburg, OH 44087 | )<br>)<br>) | |
| Defendants. | )<br>) | |

1

## JURISDICTION

1. This action is authorized and instituted pursuant to Title VII, Section 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000-e, et seq. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343 AND 42 U.S.C. Section 1983. To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. Sections 2201 and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Ohio, pursuant to 28 U.S.C. Section 1367, state statutes and state common law.

2. The unlawful discrimination and employment practices alleged below were and are now being committed within the state of Ohio and the Northern District, Eastern Division of this Court.

3. At all times relevant to this complaint, defendants acted under color of law and under color of the official policies, practices, regulations, customs and usages of the City of Twinsburg, Ohio.

## PARTIES

4. Plaintiff KATHRYN S. BUCK was at all relevant times a citizen of Ohio, residing in Akron, Ohio, and an employee of the Twinsburg, Ohio Police Department.

5. Defendant ANTHONY FRANK was at all relevant times the Police Chief of Twinsburg, Ohio, and the employer of plaintiff, and in that capacity was responsible for the implementation of all laws, statutes, ordinances, rules, practices and policies relating

2

to employees of the City of Twinsburg Police Department. 6. Defendant CITY OF TWINSBURG was at all relevant times a municipal entity located in Twinsburg, Ohio. In that capacity, defendant City of Twinsburg was responsible for the creation and implementation of all laws, statutes, ordinances, rules, practices and policies relating to employees of the City of Twinsburg.

## FACTS

7. Plaintiff has been employed with defendant City of Twinsburg since 1986, working that entire time in the capacity of a dispatcher for the Police Department.

8. In 1992, defendant Frank became Police Chief of Twinsburg, making him plaintiff's ultimate supervisor.

9. Beginning in 1992, and continuing for years after that, defendant Frank has told plaintiff and others that he did not like working with women, did not know how to work with women and that if he had his way, he would replace them all with men.

10. Defendant Frank has made repeated comments to plaintiff and others regarding his disdain for women in the workplace. Defendant Frank has displayed a pattern of harassing conduct toward plaintiff and other women due to gender.

11. Since 1992, defendant Frank has continually harassed plaintiff and other women due to gender, creating a hostile work environment.

12. Plaintiff has repeatedly complained to officials from defendant City of Twinsburg, including the mayor of Twinsburg,

about defendant Frank's treatment of women, to no avail.

13. On May 13, 1997, plaintiff was injured while at work.

14. Plaintiff applied for a 90-day paid injury leave, pursuant to the policies and procedures of defendant City of Twinsburg.

15. Despite the fact that plaintiff's worker's compensation claim was certified by the city, on June 16, 1997, defendant Frank denied plaintiff that paid leave.

16. On June 6, 1997, defendant Frank, utilizing an electronic system by which he could record telephone conversations, surreptitiously tape-recorded a telephone conversation between himself and plaintiff, without plaintiff knowing the conversation was being tape-recorded.

17. On numerous other occasions, defendant Frank tape-recorded conversations between himself and other employees of the Twinsburg Police Department, either in telephone conversations or while the other employees were in defendant Frank's office, without those employees being aware they were being tape-recorded.

18. During the week of June 17-25, 1997, during a telephone conversation between plaintiff and defendant Frank, defendant Frank told plaintiff that he preferred she not return to work and that she explore a disability retirement when her sick time and holiday time run out.

19. On or about October 11, 1997, plaintiff received notification that effective October 1, 1997, her health insurance benefits had been terminated by defendant City of Twinsburg and

4

that she was eligible to continue her medical benefits under COBRA, at a cost of $443.11 per month.

20. Plaintiff was told by officials from defendant City of Twinsburg that her benefits had been canceled because the city had no idea when plaintiff would return to work, despite the fact that plaintiff's doctor had informed defendants that plaintiff would return to work within six months to one year.

21. On October 21, 1997, plaintiff was notified by defendant City of Twinsburg that her life insurance and vision care would be canceled effective November 1, 1997, due to her reduction in work hours.

22. On October 31, 1997, plaintiff's doctor released plaintiff to return to work part-time, effective November 11, 1997, even though plaintiff was not completely ready to return to work; plaintiff had asked her doctor to release her to work due to plaintiff's concerns about being terminated from employment if she missed any more time from work due to her injury.

23. Plaintiff informed defendants by certified mail of her availability to return to work as of November 11, 1997.

24. Prior to November 11, 1997, plaintiff had observed her name on a work schedule, showing that she was scheduled to work on November 11, 1997.

25. It was important for plaintiff to return to work on or about November 11, 1997, because that was the approximate date that her Family Medical Leave Act time was to expire.

26. On November 11, 1997, plaintiff reported to work but was

told by defendant Frank that she was not scheduled and that she should go home.

27. Defendants initially claimed that the reason plaintiff could not return to work was because her part-time schedule could not be accommodated, despite the fact that plaintiff's schedule was at that time being covered by other employees on an overtime basis and despite the fact that at the time there were other dispatchers working part-time.

28. Defendants then told plaintiff that she could not return to work until a city doctor approved her return to work.

29. A city doctor subsequently approved plaintiff for a November 19, 1997 return-to-work date.

30. Once plaintiff was cleared by a city doctor to return to work, defendant Frank told plaintiff, through a union representative, that she could not return to work until a union grievance that she had filed earlier, relative to defendant Frank's denial of plaintiff's paid leave, was settled.

31. These purported reasons for not permitting plaintiff to return to work were mere pretext for defendants' real motivations, which were to replace plaintiff with male dispatchers and to punish plaintiff for having complained about the denial of the 90-day paid leave.

32. Plaintiff and defendants eventually signed an agreement purportedly settling the union grievances filed by plaintiff but plaintiff signed said agreement under duress since defendants had previously told plaintiff that despite her being ready, willing and

able to return to work, she could not return to work until the grievance was settled.

33. Plaintiff returned to work on December 1, 1997.

34. Defendant Frank has, by information and belief, placed listening devices in the dispatch center in order to surreptitiously listen to employees' conversations.

35. On December 2, 1997, plaintiff filed a complaint with the Ohio Civil Rights Commission, alleging sex discrimination and unlawful retaliation.

36. By information and belief, officials and/or agents of defendant City of Twinsburg, in investigating the complaint filed by plaintiff, threatened plaintiff's witnesses with termination from employment if they did not sign affidavits supporting defendants' version of events.

37. Since the filing of plaintiff's complaint with the Ohio Civil Rights Commission on December 2, 1997, plaintiff has been subjected to further disparate treatment and harassment in retaliation for having filed her complaint and for having filed this lawsuit.

38. The retaliatory conduct by defendants has included, but is not limited to, threatening plaintiff with disciplinary measures, imposing disciplinary measures, denying plaintiff access to her medical records, setting up confrontations with plaintiff in order to induce her to commit departmental infractions, ordering plaintiff to undergo a fitness-for-duty examination with a psychologist, ordering one of plaintiff's key witnesses to undergo

7

a similar fitness-for-duty examination and limiting plaintiff's work schedule to times when another dispatcher was also on duty.

39. On October 22, 1998, the U.S. Department of Justice, Civil Rights Division issued a "right to sue" letter to plaintiff.

40. On or about October 24, 1998, plaintiff received her "right to sue" letter, a copy of which is attached to this complaint as Exhibit A.

### COUNT I

41. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

42. The actions and conduct of the defendants constitute discrimination on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

43. As a direct result of the unlawful actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, loss of reputation in the community and severe emotional distress.

### COUNT II

44. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

45. The actions and conduct of the defendants constitutes unlawful discrimination and retaliation against plaintiff based on her gender and based on plaintiff's opposition to conduct which was made unlawful by Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. Section 2000e, et seq., in violation of Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), and Section 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a), in that defendants denied plaintiff's request for a 90-day paid leave in retaliation for plaintiff's previous complaints about defendant Frank's discrimination against women.

46. As a direct result of the actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT III

47. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

48. The actions and conduct of the defendants constitutes unlawful retaliation against plaintiff based on her participation in a proceeding under Title VII in that defendants retaliated and continue to retaliate against plaintiff due to her having filed union grievances, a complaint with the Ohio Civil Rights Commission and a federal lawsuit against defendants.

49. As a direct result of the actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT IV

50. Plaintiff incorporates by reference each and every

allegation contained in the complaint as if fully rewritten herein.

51. The conduct of defendants constitutes unlawful discrimination based on gender, in violation of O.R.C. 4112.02.

52. As a direct result of the actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT V

53. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

54. The conduct of defendants constitutes unlawful retaliation against plaintiff for plaintiff having opposed defendants' unlawful discriminatory actions, in violation of O.R.C. 4112.02.

55. As a direct result of the actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT VI

56. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

57. The policies and practices of defendants are designed and/or implemented in such a way as to violate plaintiff's federal statutory rights to be free from unlawful gender discrimination and retaliation in the workplace.

58. As a direct result of the unlawful actions and conduct of

10

defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT VII

59. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

60. The actions and conduct of defendants constitutes an invasion of privacy under state law.

61. As a direct result of the actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT VIII

62. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

63. The actions and conduct of defendants constitutes an invasion of privacy in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

64. As a direct result of the actions and conduct of defendants, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

### COUNT IX

65. Plaintiff incorporates by reference each and every allegation contained in the complaint as if fully rewritten herein.

66. The conduct of defendants constitutes intentional

infliction of emotional distress under state law.

67. As a direct result of the actions and conduct of defendant, plaintiff has suffered and continues to suffer economic losses, reputational damages and severe emotional distress.

WHEREFORE, plaintiff KATHRYN S. BUCK respectfully prays for judgment against the defendants, both jointly and severally, and for compensatory damages against all defendants; punitive damages (against the individual defendant only), and any and all other relief that this court deems equitable, including but not limited to costs and attorney's fees, in an amount that is fair and full compensation under all applicable law.

KENNETH D. MYERS [0053655]
701 Citizens Bldg.
Cleveland, OH 44114
(216) 241-3900

Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

KENNETH D. MYERS

Attorney for Plaintiff

12